USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALPI USA, INC., ALPI LOGISTICA and ALPI SERVIZIO MODA,

                                 Plaintiffs,

-against-

D&F FASHION INTERNATIONAL GEMELLI, JOHN DOES 1–10, and XYZ CORP 1–10,

                                 Defendants.

06 Civ. 2091 (RJH)

**MEMORANDUM OPINION AND ORDER**

---

Plaintiffs Alpi USA, Inc., Alpi Logistica, and Alpi Servizio Moda (collectively, "Alpi") bring suit, alleging claims for breach of a settlement agreement, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment against defendant "D&F Fashion International Gemelli" and unknown individuals and corporations. Two corporations, D&F Fashions International, Inc. ("D&F Fashions"), and Gemelli Group, Inc. ("Gemelli"), have moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, insufficiency of service of process pursuant to Rule 12(b)(5), and improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. §1406(a), or, in the alternative, to transfer this case to the District Court for the Central District of California. For the reasons set forth below, the Court find that it lacks personal jurisdiction over defendants but chooses to transfer rather than dismiss the case.

## BACKGROUND

Plaintiffs are affiliated freight forwarding companies whose principal places of business are Jamaica, New York and Vaiano, Italy. (Compl. ¶ 2.) Alpi USA also has an office in Los Angeles, California. Defendants D& F Fashions and Gemelli are California corporations with their principal places of business in Los Angeles. (Compl. ¶ 3, Defs.' Mot. to Dismiss ("Mot.") 3.)

Defendants used plaintiffs as their shipping agents to ship goods from Italy to California via New York. (Defs.' Opp'n to Mot. ("Opp'n"), Ingebrethien Aff. ¶ 4.) Plaintiffs provided these services to defendants from July 2004 to March 2005, and billed defendants in excess of $100,000. (Compl. ¶¶ 7–8.) Defendants have not yet paid any of this amount. (*Id.* ¶ 9.) Plaintiffs claim that defendants agreed to settle the claim for $120,000. (*Id.* ¶¶ 9-10.) By letter dated October 28, 2005, plaintiffs' counsel forwarded a written settlement agreement to defendants for their signature, setting out the agreed-upon payment schedule. (*Id.* ¶¶ 11–12.) Although plaintiffs fail to allege that defendants signed the settlement agreement, and defendants failed to address the issue in their reply papers, the parties do not dispute that defendants have not made any payments pursuant to that agreement. (*Id.* ¶ 13.)

Plaintiffs filed suit in this Court on March 16, 2006, and defendants filed the instant motions on April 27, 2006. Defendants seek dismissal of plaintiffs' Complaint for lack of personal jurisdiction, insufficiency of service of process, improper venue, or, in the alternative, transfer of this matter to the Central District of California. Plaintiffs request that the Court deny defendants' motion on the ground that it was not timely.

## DISCUSSION

### I. Timeliness of Motion

Before turning to defendants' arguments, the Court addresses plaintiffs' argument that defendants' motion to dismiss was not timely. By letter dated April 17, 2006, defendants asked the Court for an "extension of time to file a responsive pleading" to April 27, 2006, which the Court granted by endorsing defendants' letter. (*See* Letter to the Court from Jeffrey E. Karpel (Pls.' Ex. A).) Plaintiffs argue that because a motion to dismiss is not a "responsive pleading," the Court only granted defendants an extension to file an answer, not a motion, and thus the motion was untimely. The Court rejects this argument. Although the Second Circuit has held that a "responsive pleading" as the phrase is used in Rule 15(a) (amended pleadings) does not refer to motions to dismiss, *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 56 (2d Cir. 1996), the Court in the instant case did not understand defendants to be using the phrase "responsive pleading" in that context. The Court deems defendants' motion, filed on April 27, 2006, timely.

### II. Personal Jurisdiction

"The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (quoted in *Henderson v. INS*, 157 F.3d 106, 128 n.24 (2d Cir. 1998); *see generally* C. Wright, A. Miller, & E. Cooper, 14D Fed. Prac. & Proc. Juris. 3d § 3801 (2007) (hereinafter "Fed. Prac. & Proc."). Accordingly, the Court will address first defendants' motion to dismiss for lack of personal jurisdiction.

3

"It is a plaintiff's burden to establish the propriety of a court's exercise of personal jurisdiction over parties to the suit." *Smit v. Isiklar Holding A.S.*, 354 F. Supp. 2d 260, 263–264 (S.D.N.Y. 2005). Where, as here, a plaintiff has had no discovery, a plaintiff may defeat a motion to dismiss for lack of personal jurisdiction by pleading a prima facie showing of personal jurisdiction over defendants. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998); *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). At this stage, all pleadings and affidavits are construed in plaintiff's favor. *PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997); *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).

In diversity cases, personal jurisdiction over non-domiciliary defendants is determined by reference to the law of the state in which the court sits, *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006), so long as the district court's exercise of jurisdiction comports with the requirements of due process, *see Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). In opposition to the motion to dismiss, plaintiffs rely only on section 302(a)(1) of New York's long-arm statute, N.Y. C.P.L.R. § 302 (McKinney 2006), as providing the court with personal jurisdiction over defendants. Under section 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state," provided that the cause of action arises out of the transaction. *See also Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). Although not requiring regular and systematic activities, the transacting business test requires "some purposeful activity within the state giving rise to

at least some minimum contacts between the forum and the party over whom it is asserting jurisdiction." *Chemco International Leasing, Inc. v. Meridian Engineering, Inc.*, 590 F. Supp. 539, 541 (S.D.N.Y. 1984) (quoting *Klein v. E. W. Reynolds Co., Inc.*, 355 F. Supp. 886 (S.D.N.Y. 1973)). Factors to consider when determining whether a defendant is transacting business within New York include: (1) whether the defendant has an ongoing relationship with a New York corporation; (2) whether the contract at issue was negotiated in New York; (3) whether the contract contains a New York choice of law provision; and (4) whether payments were to be made into New York or performance was to be supervised from New York. See *id.*; *Worldwide Futgol Assocs. v. Event Entertainment*, 983 F. Supp. 173, 176–77 (E.D.N.Y. 1997). "Furthermore, in determining whether section 302(a)(1) jurisdiction exists, the court must examine not only isolated acts, but the 'totality' of defendants' activities conducted within the forum." *Metropolitan Air Service, Inc. v. Penberthy Aircraft Leasing Co.*, 648 F. Supp. 1153, 1155 (S.D.N.Y. 1986); *see Agency Rent A Car Sys.*, 98 F.3d at 29 ("The ultimate determination should be based on the totality of the circumstances."). Where defendants were not physically present within the state at the time plaintiffs' cause of action against them arose, plaintiffs must demonstrate that defendants possess "significant alternative contacts" on which to base jurisdiction. *Metropolitan Air Service*, 648 F. Supp. at 1156.

Here, plaintiffs have not alleged sufficient contacts with the state for this Court to exercise personal jurisdiction over defendants. Plaintiffs sole allegation is that defendants transacted business in New York within the meaning of section 302(a)(1) by contracting with plaintiffs, one of which is a New York corporation, to import defendants' goods into New York from Italy and then forward them to defendants'

places of business in California. However, merely forming a contract with a resident of New York is insufficient to subject a non-resident to jurisdiction in New York courts, *see id.* at 1157 (holding that "place of contracting alone is an insufficient basis on which to rest jurisdiction"), and "New York courts have held that conducting contractual negotiations by phone, fax or mail with a party in New York does not constitute the transaction of business within the state," *see Worldwide Futgol Associates*, 983 F. Supp. at 176–77. Although it is significant that plaintiffs performed part of the contract in New York by importing defendants' goods into the United States through New York, *see Cooper, Robertson & Partners, L.L.P. v. Vail*, 143 F. Supp. 2d 367, 371 (S.D.N.Y. 2001) (holding that "[i]n determining jurisdiction, the place of performance is more critical than the place of the execution of a contract"), it is well established "that in a suit between an agent and his out-of-state principal, a court cannot exercise jurisdiction over the defendant-principal based on the plaintiff-agent's own activities within the state." *Stein v. Microelectronic Pkg., Inc.*, No. 98 Civ. 8952 (MBM), 1999 U.S. Dist. LEXIS 11375, 1999 WL 540443, at *5 (S.D.N.Y. July 26, 1999); *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 254 (S.D.N.Y. 2003) ("Plaintiff cannot rely upon his own actions in New York to establish jurisdiction over the Milestone."); *Kulas v. Adachi*, No. 96 Civ. 6674 (MBM), 1997 U.S. Dist. LEXIS 6868, 1997 WL 256957, at *3 (S.D.N.Y. May 16, 1997) ("[E]ven if plaintiff acted as KK Adachi's agent in New York and even if his activities rose to the level of doing business under C.P.L.R. § 301, plaintiff's activities could not confer personal jurisdiction over KK Adachi in this action."); *see generally* Vincent C. Alexander, *Practice Commentary*, C302:4, at p. 126, published with N.Y. C.P.L.R. § 302 (McKinney's 2001) (citing *Haar v. Armendaris Corp.*, 294

N.E.2d 855 (N.Y. 1973)).  Thus, had a third party attempted to sue the California defendants in New York court based on the acts of defendants' New York agent Alpi, jurisdiction would clearly lie to reach the out-of-state defendants.  *See, e.g., Parke-Bernet Galleries, Inc.*, 256 N.E.2d 506 (N.Y. 1970).  "But because plaintiff himself acted as defendants' agent, this Court must reach a different result." *Metropolitan Air Service*, 648 F. Supp. at 1157.

Plaintiffs also point to the forum selection provision of the settlement agreement that they allegedly entered into with defendants. (Ingebrethien Aff. ¶¶ 6–7 and Ex. A.) According to an unsigned version of the settlement agreement produced by plaintiffs, in the event "D&F Fashion Int. Gemelli" fails to pay plaintiffs under the agreement, an "action may be commenced in State or Federal Court in New York or New Jersey . . . and Defendant consents to jurisdiction and venue before these Courts and agencies." (Ex. A, at 6.)  However, without any evidence in the record other than plaintiffs' bald allegation that defendants consented to this forum selection provision, it would be "premature" for the Court to find personal jurisdiction where it would otherwise not lie. *See ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274, 277 (S.D.N.Y. 2000) (declining to apply a forum selection clause in an unsigned contract to find venue and transferring the case).  The Court therefore declines to find that this provision in the putative settlement agreement is binding on defendants.

As plaintiffs have not alleged that defendants undertook any other activities within the forum that would permit this Court to exercise jurisdiction over them, defendants' motion to dismiss for lack of personal jurisdiction is granted.

7

### III. Service of Process

The Court finds that it cannot exercise personal jurisdiction over defendants. Accordingly, the Court need not address defendants' motion to dismiss for insufficiency of process, which is denied as moot.

### IV. Transfer of Venue

The finding that this Court lacks personal jurisdiction over the defendants does not preclude entry of an order transferring this matter to a district where personal jurisdiction may be exercised. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (reversing dismissal of antitrust action because district court was authorized to transfer under § 1406(a) even though it lacked personal jurisdiction over defendants); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 & n. 6 (2d Cir. 1978) (concluding that § 1406(a) permits courts to transfer in interest of justice whenever either personal jurisdiction or venue are improper); *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (citing *Corke* and recognizing propriety of § 1404(a) or § 1406(a) transfer to cure lack of personal jurisdiction even when venue proper). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435–36 (2d Cir. 2005).

Here, defendants reside in the Central District of California and are subject to that Court's personal jurisdiction, and, therefore, venue is proper in that district. *See* 28 U.S.C. § 1391(a). Moreover, defendants have consented to the transfer of this case to that district. As a result, the case may be properly transferred to the United States

8

District Court for the Central District of California and transfer of this case would serve the interests of justice. *See* 28 U.S.C. § 1404(a).[1]

## CONCLUSION

Based on the foregoing discussion, defendants' motion to dismiss [9] for lack of personal jurisdiction is granted. Defendants' motions to dismiss for insufficiency of service of process and improper venue are denied as moot. Defendants' alternative request for transfer of the case is also granted. The Clerk of the Court is directed to close the file in this matter and to transfer such file to the United States District Court for the Central District of California for all further litigation.

SO ORDERED.

Dated: New York, New York
       March 29, 2007

Richard J. Holwell
United States District Judge

---

[1] Although defendants moved to transfer pursuant to § 1406(a), that provision applies only where venue is improper. In cases such as this one, where the court transfers a case to cure a lack of personal jurisdiction without deciding whether venue is improper, the case is transferred pursuant to § 1404(a), which permits transfer in any case where transfer is "[f]or the convenience of parties and witnesses" and "in the interest of justice." *See generally* 15 Fed. Prac. & Proc. Juris.3d § 3844.

9